UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Yibo Xu and Xingxiao Jiang, Individually and on behalf of all other employees similarly situated,<br><br>                       Plaintiffs,<br><br>                - against -<br><br>Yumco LLC dba R&G Ping Pong, Ranko Inc. dba Andorra Ping Pong, Chaomin Ran aka Albert Ran, Xin Gu aka Diana Gu Ran<br><br>                       Defendants. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

## **COMPLAINT**

Plaintiffs YIBO XU ("Xu") and XINGXIAO JIANG ("Jiang") on their own behalf and on behalf of all other similarly situated employees of Defendants Yumco LLC dba R&G Ping Pong, Ranko Inc. dba Andorra Ping Pong, Chaomin Ran aka Albert Ran, Xin Gu aka Diana Gu Ran (collectively "Defendants"), by and through their counsel of record, HANG & ASSOCIATES, PLLC bring this Complaint (the "Complaint") against Defendants, and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and/or based upon the investigation made by their counsel, as follows:

## **NATURE OF THE ACTION**

1. Plaintiffs bring this Complaint contending that Defendants have improperly failed to pay overtime compensation to their employees, who work in Defendants' restaurant in Pennsylvania, pursuant to the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and have failed to comply with the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.8, *et seq.*, and violated Pennsylvania common law.

2. Plaintiffs were employed by Defendants as waiters and kitchen helpers at Defendants' Restaurant.

3. During their employment with Defendants, they were not properly compensated for the minimum wages pursuant to the FLSA and the PMWA.

4. During their employment with Defendants, when Plaintiffs and all similarly situated employees worked more than forty (40) hours per week, they were not properly compensated for their overtime hours pursuant to the FLSA and the PMWA.

5. As a result of Defendants' improper and willful failure to pay its employees in accordance with the minimum wages and overtime requirements of the FLSA and the PMWA, Plaintiffs and all similarly situated employees have suffered damages.

6. Plaintiffs bring this action to seek redress for Defendants' unlawful and improper conduct.

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer...in any Federal or State court of competent jurisdiction."

8. In addition, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 133l.

9. The Court has jurisdiction over Plaintiffs PMWA claim pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants maintain a principle place of business in this District and a substantial part of the events which gave rise to this litigation occurred in this District.

## PARTIES

11. Plaintiff Yibo Xu resides at King of Prussia, Pennsylvania. Mr. Xu was employed at the Defendant's business Yumco LLC dba R&G Ping Pong from around October 2012 to March 21, 2020.

12. Plaintiff Xingxiao Jiang currently resides resides at King of Prussia, Pennsylvania. Mr. Jiang was employed at the Defendant's business Yumco LLC dba R&G Ping Pong from around January 1, 2016 to April 1, 2018, from October 15, 2019 to March 21, 2020, and August 1, 2020 to September 30, 2020. Mr. Jiang was employed at Defendants' business Ranko Inc. dba Andorra Ping Pong from December 24, 2018 to July 15, 2019.

13. Defendant Yumco LLC dba R&G Ping Pong. is incorporated in the Wayne of Pennsylvania and is registered to transact business in the Wayne of Pennsylvania. Upon information and belief, Defendant Yumco LLC dba R&G Ping Pong's corporate headquarters is located in this District, at 273 Swedesford Rd, Wayne, PA 19087.

14. Defendants Ranko Inc. dba Andorra Ping Pong is incorporated in the Philadelphia of Pennsylvania and is registered to transact business in the Philadelphia of Pennsylvania. Upon information and belief, Defendant Ranko Inc.'s corporate headquarters is located in this District, at 8500 Henry Ave, Philadelphia, PA 19128.

15. Upon information and belief, Defendant Chaomin Ran aka Albert Ran is an owner, officer, shareholder, and manager of both Yumco LLC and Ranko Inc. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at both Yumco LLC and Ranko Inc., establish their wages, set their work schedules, and maintain their employment records.

16. Upon information and belief, Defendant Xin Gu aka Diana Gu Ran is an owner, officer, shareholder, and manager of both Yumco LLC and Ranko Inc. She is also the wife of Chaomin

3

Ran aka Albert Ran. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees of both Yumco LLC and Ranko Inc. establish their wages, set their work schedules, and maintain their employment records.

17. At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA and has had an annual gross volume of sales of not less than $500,000.00.

18. Defendants Yumco LLC dba R&G Ping Pong and Ranko Inc. dba Andorra Ping Pong are Plaintiffs' employers with the meaning of the FLSA and PMWA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b) of the FLSA:

20. All individuals who were employed by Defendants at "Yumco LLC dba R&G Ping Pong" at 273 Swedesford Rd, Wayne, PA 19087 and "Ranko Inc. dba Andorra Ping Pong" at 8500 Henry Ave, Philadelphia, PA 19128, during the past three years (the "Collective Action Members").

21. Plaintiffs bring this case as a collective action to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendants.

22. Plaintiffs estimates that there are at least 40 members of the Class who have been uniformly affected by Defendants' improper compensation and overtime policies and practices. The precise number of class members can be easily ascertained by Defendants using their payroll and personnel records. Given the composition and size of the class, potential opt-in class members may

be informed of the pendency of this Collective Action by posting notices at the Defendants' restaurant locations or alternatively by direct mail.

23. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent. Plaintiffs and similarly situated restaurant employees were subject to the same uniform job description, compensation and overtime policies and practices, manuals, guidelines, scripts, standards, and operational procedures and practices. Further, Defendants' willful policy or practice, whereby they have failed to pay its employees proper compensation and overtime for all hours worked have affected Plaintiffs and similarly situated employees in the same fashion.

24. Plaintiffs requests the Court to authorize prompt notice to the Class to inform them of the pendency of this action and of their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages and overtime compensation and liquidated damages and other penalties under the FLSA.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this action individually, and on behalf of the following Pennsylvania state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals who were employed by Defendants at "Yumco LLC dba R&G Ping Pong" at 273 Swedesford Rd, Wayne, PA 19087 and "Ranko Inc. dba Andorra Ping Pong" at 8500 Henry Ave, Philadelphia, PA 19128, during the past three years (the "Collective Action Members").

26. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiffs estimate that there are at least 40 members of the Class who have been uniformly affected by Defendants' improper compensation and overtime policies and practices. The precise number of class members can be easily ascertained by Defendants using its payroll and personnel records.

5

Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this Class Action by posting notices at the Defendants' restaurant locations or alternatively by direct mail.

27. There are questions of law and fact common to the Class, including, without limitation:

a. whether Defendants, based on its uniform and company-wide policies and practices, have failed to pay wages and overtime to Plaintiffs and the Class pursuant to the PMWA;

b. whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the PMWA;

c. whether Defendants acted knowingly, willfully or recklessly in violating the PMWA;

d. whether Plaintiffs and the Class have suffered and are entitled to damages, and, if so, in what amount;

e. whether liquidated, punitive damages, or special damages are warranted under the PMWA; and

f. whether Plaintiffs and the Class are entitled to declaratory or injunctive relief under the PMWA.

28. Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs worked as a waiter and kitchen helper at Defendants' restaurant and suffered similar injuries as those suffered by the Class members as a result of Defendants' company-wide compensation policies and practices and failure to pay overtime. Defendants' conduct in improperly refusing to pay overtime compensation under the PMWA has affected Plaintiffs and the Class in the exact same way.

29. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members. Plaintiffs have retained competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

30. This action is properly maintainable as a class action under Rules 23(b)(I), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure because: a) the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; b) Defendants, by failing to pay proper compensation to its employees in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or declaratory relief with respect to the Class as a whole; and c) the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

31. Moreover, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims.

## FACTUAL ALLEGATIONS

32. At all relevant times Defendants owned and operated "Yumco LLC dba R&G Ping Pong" at 273 Swedesford Rd, Wayne, PA 19087 and "Ranko Inc. dba Andorra Ping Pong" at 8500 Henry Ave, Philadelphia, PA 19128.

33. Upon information and belief, Defendants employ at twenty (20) employees at any one time in their restaurant. Plaintiffs and a large number of Defendants' other employees have not received their: (i) wages for all hours worked; and (ii) overtime pay as required by the FLSA and PMWA.

### Plaintiff Xu

34. Plaintiff Xu was employed as a waiter and kitchen helper at Yumco LLC dba R&G Ping Pong located at 273 Swedesford Rd, Wayne, PA 19087 from around October 2012 to March 21, 2020[1]. He was primarily employed as a waiter but when the business is slow, he was required to prepare food as a kitchen helper, such as pealing the beans, cleaning, wrapping the wantons, and other miscellaneous works for the Defendants' restaurant.

35. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until present, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital providing chef, server, delivery and other general restaurant services.

36. From October 2012 until December 31, 2017, Plaintiff Xu received a base payment of $300 in cash per month. From January 1, 2018 to March 21, 2020, Plaintiff Xu was paid $1000 in cash as a "base payment" per month, regardless of how many hours he actually worked.

37. From 2015 to 2016, Defendants would issue a check in the amount of $2000 per month but required Plaintiff Xu to pay back the $2000 in cash within the same day.

38. From 2018 to 2020, Defendants would issue a check in the amount of $3000 per month but required Plaintiff Xu to pay back the $3000 in cash within the same day.

39. During this period, Plaintiff Xu worked six (6) days per week with a random day off. For each of the working day, he actually worked from 11:30 am to 10:00 pm without any breaks. Plaintiff Xu worked more than forty (40) hours per workweek on each workweek. Specifically, Plaintiff Xu worked seventy-five (75) hours per workweek on each workweek. Plaintiff Xu worked thirty-five (35) hours of overtime hours per workweek.

---

[1] Plaintiff Xu went back to China for a month in 2015 and 2016. In 2018, Plaintiff Xu went to China for a month in July. In 2019 and 2020, Plaintiff Xu was in China from December 21, 2019 to January 13, 2020.

40. When Plaintiff Xu worked as a waiter, he did receive tips. The tips were distributed to him on a daily basis within an envelope.

**Plaintiff Jiang**

41. Plaintiff Jiang was employed as a waiter and kitchen helper at "Yumco LLC dba R&G Ping Pong" from around January 1, 2016 to April 1, 2018, from October 15, 2019 to March 21, 2020, and August 1, 2020 to September 30, 2020. Mr. Jiang was employed at Defendants' business Ranko Inc. dba Andorra Ping Pong from December 24, 2018 to July 15, 2019.

42. Plaintiff Jiang was primarily employed as a waiter but when the business is slow, he was required to prepare food as a kitchen helper, such as pealing the beans, cleaning, wrapping the wantons, and other miscellaneous works for the Defendants' restaurant.

43. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until present, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital providing chef, server, delivery and other general restaurant services.

**Period I at Yumco LLC dba R&G Ping Pong**

44. From around January 1, 2016 through the end of 2017, Plaintiff Jiang worked at Yumco LLC dba R&G Ping Pong for about six (6) days per week with a random day off. Starting from January 1, 2018, Plaintiff Jiang worked about five (5) to six (6) days per week, in average about a day and a half for a week.

45. For each working day, Plaintiff Jiang worked from 11:00 am to 10:00 pm without an uninterrupted break. Therefore, he worked for about sixty and a half hours (60.5) in total for a week. Specifically, he worked for twenty hours and a half (20.5) overtime per work week.

46. During this period, Plaintiff Jiang received about $300 in cash per month, regardless of how many hours he actually worked per week. At the first day of each month, Defendants would issue him a $1500 check per month and required Plaintiff Jiang to return $1500 in cash at the same day to the Defendants.

47. When Plaintiff worked as a waiter, he did receive tips. In average, he received about $80 to $100 per day in tips from Monday to Thursday, and around $120 to $180 per day tips if he worked on Friday, Saturday or Sunday.

**Period II at Ranko Inc., dba Andorra Ping Pong**

48. From December 24, 2018 to July 15, 2019, Plaintiff Jiang worked Ranko Inc., dba Andorra Ping Pong located at 8500 Henry Ave, Philadelphia, PA 19128.

49. During this period, Plaintiff Jiang worked seven (7) days a week because he was the only waiter at the restaurant. For each working day he worked from 11:00 am to 10:00 pm, thus he worked in total of seventy-seven (77) hours per week. Specifically, he worked for thirty-seven hours (37) overtime per work week.

50. During this period, Plaintiff Jiang received about $300 in cash per month, regardless of how many hours he actually worked per week. At the first day of each month, Defendants would issue him a $1500 check per month and required Plaintiff Jiang to return $1500 in cash at the same day to the Defendants.

51. When Plaintiff worked as a waiter, he did receive tips. In average, he received about $80 to $100 per day in tips from Monday to Thursday, and around $120 to $180 per day tips if he worked on Friday, Saturday or Sunday.

**Period III at Yumco LLC dba R&G Ping Pong**

52. From October 15, 2019 to March 21, 2020, Plaintiff Jiang was required to worked at Yumco LLC dba R&G Ping Pong with the same position in period I. Plaintiff Jiang worked for six (6) days per work week. For each workday, he worked from 11:00 am to 10:00 pm, thus he worked in total of sixty-six (66) hours per week, with twenty-six (26) hours of overtime.

53. During this period, Plaintiff Jiang received no payments at all from Defendants. The only income was from the tips when he worked as a waiter. In average, he received about $80 to $100 per day in tips from Monday to Thursday, and around $120 to $180 per day tips if he worked on Friday, Saturday or Sunday.

**Period IV at Yumco LLC dba R&G Ping Pong**

54. From August 1, 2020 to September 20, 2020, Plaintiff Jiang worked at Yumco LLC dba R&G Ping Pong and he worked for three (3) days per work week. For each workday, he worked in total of thirty-three hours per work week.

55. During this period, Plaintiff Jiang was paid for $100 per day, and he was deprived of his tips.

56. At no point during Plaintiffs' employments with Defendants, were they ever required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

57. Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

58. The work performed by Plaintiffs required little skill and no capital investment.

59. Plaintiffs did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

60. Plaintiffs often worked in excess of 40 hours a week yet the Defendants willfully failed to pay Plaintiffs compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, PMWA and the supporting regulations.

61. In addition to the Plaintiffs, during the time period Defendants usually employed at least forty (40) other employees simultaneously.

62. Such individuals have worked in excess of 40 hours a week providing cashier, cook, chef, waiter/waitress, food preparation, dish washer and cleaning, bookkeeping, delivery and other general restaurant services, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the PMWA.

63. As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

64. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants routinely required Plaintiffs and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

65. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

66. This practice violates the FLSA and the PMWA. See 29 U.S.C. § 207(a)(I). As a result of Defendants' unlawful practice, Plaintiffs and the Collective Action Members/the Class have suffered a loss of wages to which they are entitled under the FLSA and PMWA.

67. Defendants knew or showed reckless disregard for the fact that its failure to pay its employees overtime compensation was in violation of the FLSA and the PMWA.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *et seq.*
## (MINIMUM WAGES AND OVERTIME)

68. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

69. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

70. At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

71. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

72. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

73. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

74. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

75. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

76. Section 207(a)(I) of the FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiffs and similarly situated employees regularly worked more than 40 hours per week, but were not paid overtime. Defendants failed to pay overtime wages to Plaintiffs and similarly situated employees.

77. Defendants failed to accurately record actual hours worked by its employees.

78. The foregoing actions of Defendants violate the FLSA.

79. Defendants' actions were willful and not in good faith.

80. Defendants are liable to Plaintiffs and similarly situated employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

### COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT
### 43 P.S. §§ 333.101 *et seq.*
### (MINIMUM WAGES/OVERTIME)

81. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

82. At all times relevant to the within Complaint, Defendants were employers as defined by the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333.103(g) who employed Plaintiffs to perform as waiters and kitchen helpers. 43 P.S. § 333.103(f).

83. By failing to compensate Plaintiffs at the applicable minimum wage for all hours worked in each workweek, along with overtime premium, Defendant has violated the PMWA, 43 P.S. § 333.104(a).

84. The PMWA requires that covered employees be compensated for every hour worked in a workweek. See 43 P.S. § 333.l04(a).

85. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

86. Plaintiffs and the Class are covered employees entitled to the PMWA's protections.

87. Plaintiffs and other members of the Class are not exempt from receiving PMWA overtime benefits.

88. Defendants are employers required to comply with the PMWA's mandates.

89. Defendants violated the PMWA by failing to pay Plaintiffs and other members of the Class proper compensation for all hours worked and for time spent working in excess of 40 hours during the workweek.

90. In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

**COUNT III**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.108**
**WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.8**
**(FAILURE TO MAINTAIN RECORDS)**

91. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

92. Pursuant to 43 P.S. §§ 333.108 and 260.8, and the regulations implementing these laws, including 34 Pa. Code §§ 231.31 and 231.36, defendants were required to keep and maintain records containing the total hours worked each day and each workweek and other information, for a period of three years and were required to furnish to each employee a statement with every payment of wages, listing, among other things, the hours worked, rates paid, gross wages, deductions and net wages.

93. Upon information and belief, defendants failed to maintain true, accurate and complete records containing information regarding the total hours worked each day and workweek for the plaintiffs and the Pennsylvania Class and failed to furnish plaintiffs and the Pennsylvania Class with such information. The conduct of defendants was and is unlawful and in violation of the MWA and the regulations implementing the MWA and in violation of the WPCL.

**COUNT IV**
**PENNSYLVANIA COMMON LAW**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.101**
**WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.3**
**(BREACH OF CONTRACT)**

94. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

95. The conduct of the plaintiffs and members of the Class and the defendants, including the promise of the defendants to pay plaintiffs and members of the Class all amounts due to them in compliance with state and/or federal law in exchange for the performance by plaintiffs and the members of the Classes of the duties of their employment, including their performance of their duties as restaurant employees, constitutes a valid contract between the parties.

96. The aforesaid contract was supported by good and adequate consideration.

16

97.    Plaintiffs and the members of the Class fully performed all of the duties and obligations imposed upon them pursuant to their contract with defendants.

98.    The conduct of defendants, in failing to pay the plaintiffs and the members of the Class all of the overtime wages due to them and other benefits, constitutes a breach of the contract between the parties.

99.    Therefore, plaintiffs and the Class demand that they be paid overtime compensation, as required by the PMWA, 43 P.S. § 333.101, et seq. and the WPCL, 43 P.S. § 260.3, for every pay period they were not paid overtime and demand reimbursement for charges, expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, plus return of all other coerced investments in the business of the employer, including their investment of time, during the Class period until the date of entry of judgment plus interest and attorneys fees.

## COUNT V
## PENNSYLVANIA COMMON LAW
## (UNJUST ENRICHMENT)

100.    Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

101.    Defendants have retained for themselves the wages due and owing to the plaintiff and the Class resulting from overtime hours worked contrary to federal and Pennsylvania law and resulting from expenditures charged to and incurred by plaintiffs and the Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to Pennsylvania law.

102.    Defendants have wrongfully failed, neglected and refused to pay to the plaintiffs and the Class all sums due to them as a result of which defendants have been unjustly enriched.

## COUNT VI
## PENNSYLVANIA COMMON LAW
## (GENERAL ASSUMPSIT)

103. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

104. Plaintiffs and the Class performed services, work and labor for Defendants for which Defendants agreed to pay in accordance with federal and Pennsylvania law.

105. Defendants failed to pay plaintiffs and the Class in accordance with federal and Pennsylvania law for the services, work and labor performed by them for defendants.

106. Instead, defendants have retained and appropriated for itself the payments due and owing to the plaintiffs and the Class resulting from overtime hours worked and expenditures charged to and incurred by plaintiffs and the Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to federal and Pennsylvania law.

107. Defendants are indebted to plaintiffs and the Class for the services, work and labor performed by plaintiffs and the Class and for money had and received by defendants for the use and benefit of plaintiffs and the Class during the Class period until the date of entry of judgment plus interest and attorneys' fees.

## COUNT VII
## PENNSYLVANIA COMMON LAW
## (QUANTUM MERUIT)

108. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

109. Plaintiffs and the Class loyally and conscientiously served as employees of the defendants.

110. Plaintiffs and the Class created value and good will for the Defendants and generated substantial income for the Defendants.

111. The Defendants knew or should have known that Plaintiffs and other members of the class were to be fully paid for the work they performed, including overtime.

112. The Defendants did not pay Plaintiffs and the Class overtime earned and accrued for the work they performed for the Defendants.

113. Accordingly, Plaintiffs and the Class are entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest and attorneys fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that the Court enter an order:

    a.    certifying this action as a collective action pursuant to 29 U.S.C. § 216(b), and as a class action pursuant to Federal Rule of Civil Procedure 23;

    b.    ordering Defendants to promptly file with this Court and furnish to counsel a list of all names and addresses of all employees who have worked for Defendants during the past three (3) years, and authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime compensation as required by the FLSA;

    c.    adjudicating and declaring that Defendants' conduct as set forth above is in violation of the FLSA and the PMWA;

    d.    adjudicating and declaring that Plaintiffs and similarly situated employees are entitled to minimum wages for the first 40 hours per week and overtime compensation for hours worked in excess of forty (40) hours per week;

    e.    adjudicating and declaring that Defendants violated the FLSA and PMWA by failing to pay Plaintiffs and similarly situated employees for their hours worked in minimum wages and hours in excess of forty hours per week;

    f.    awarding Plaintiffs and similarly situated employees unpaid wages including unpaid minimum wages and overtime in an amount consistent with the FLSA and PMWA;

  g.  awarding Plaintiffs and similarly situated employees liquidated damages in accordance with the FLSA and PMWA;

  h.  awarding Plaintiffs and the Class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and PMWA;

  i.  awarding pre and post-judgment interest and court costs as further allowed by law;

  j.  granting Plaintiffs and the Class leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

  k.  for all additional general and equitable relief to which Plaintiffs and the Class may be entitled.

Dated: Flushing, New York
   February 5, 2021

                HANG & ASSOCIATES, PLLC

                By: /s/ *Jian Hang*

                Jian Hang, Esq. (ID # 319709)
                136-20 38th Avenue Suite 10G
                Flushing, New York 11354
                Phone: 718.353.8588
                Fax:  718.353.6288
                e-mail: jhang@hanglaw.com
                *Attorneys for Plaintiffs*