## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Yibo Xu and Xingxiao Jiang, Individually and on behalf of all other employees similarly situated,<br><br>    *Plaintiffs*,<br>v.<br>Yumco LLC dba R&G Ping Pong, Ranko Inc. dba Andorra Ping Pong, Chaomin Ran aka Albert Ran, Xin Gu aka Diana Gu Ran,<br><br>    *Defendants*. | Case No. 2:21-cv-00550 (NIQA)<br><br>**SECOND SUPPLEMENTAL STIPULATION TO THE SETTLEMENT AGREEMENT** |

In accordance with this Court's directives in the January 3, 2022 Order (ECF Dkt. No. 18), granting in part, and denying in part, the parties' joint motion for approval of settlement agreement (the "Settlement Agreement") (ECF Dkt. No. 16) and in the March 16, 2022 Order (ECF Dkt. No. 20), disapproving the Supplemental Stipulation to the Settlement Agreement (ECF Dkt. No. 19), requesting that the parties craft a more narrowly tailored release provision to be filed for the Court's final review by April 15, 2022, the parties hereby submit this Second Supplemental Stipulation to the Settlement Agreement (the "Stipulation") for Court approval.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the respective parties hereto that: (i) the mutual general release in Section 8 (Release of Claims and Covenant Not to Sue) of the Settlement Agreement (ECF Dkt. No. 16) is stricken from the Settlement Agreement; and (ii) Section 8 is amended to provide only as follows:

    **8.**    <u>**Release of Claims and Covenant Not to Sue**</u>.

**Specific Release.** Plaintiffs waive, release, and forever discharge Defendants, and each of their past, present, or future parents, affiliates, subsidiaries, and divisions, and each of their respective past, present, or future predecessors, successors, assigns, managers, directors, officers, partners, associates, shareholders, agents, insurers, reinsurers, employees, attorneys, spouses, or representatives, including Chaomin Ran (also known as Albert Ran) and Xin Gu (also known as Diana Gu Ran) (the "Released Parties"), from any and all actual or potential claims, demands, actions, causes of action, or liabilities that were raised or could have been raised in the Lawsuit or that may arise by reason of any wage-and-hour matter occurring prior to the effective date of this Agreement under the Fair Labor Standards Act (FLSA), Pennsylvania Minimum Wage Act (PMWA), or any common-law claims for recovery of unpaid wages, including, without limitation, claims for failure to pay wages, back wages, overtime, minimum wages, gratuities, interest, liquidated damages, penalties, and attorneys' fees and costs that may be raised in this Lawsuit.

Nothing in this Agreement is intended to waive claims (a) for unemployment or workers' compensation benefits, (b) for vested rights under ERISA-covered employee benefit plans as applicable on the date Plaintiffs sign this Agreement, (c) that may arise after Plaintiffs sign this Agreement, or (d) which cannot be released by private agreement. In addition, nothing in this Agreement, including but not limited to the release of claims, proprietary information, confidentiality, cooperation, and non-disparagement provisions, prevents Plaintiffs from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission ("EEOC"), National Labor Relations Board, or any other any federal, state, or local agency charged with the enforcement of any laws, or from

exercising rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this release, Plaintiffs are waiving their rights to individual relief based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiffs' behalf, except where such a waiver of individual relief is prohibited.

**IT IS FURTHER STIPULATED AND AGREED,** by and between the undersigned counsel for the respective parties hereto that, the remainder of the original Settlement Agreement (ECF Dkt. No. 16) remains in full force and effect, as the Court had already granted judicial approval of it on January 3, 2022. (ECF Dkt. Nos. 17-18).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

| */s/ Jian Hang* | */s/ Jonathan L. Shaw* |
|---|---|
| Jian Hang (PA No. 319709) | Jonathan L. Shaw (PA No. 316882) |
| HANG & ASSOCIATES, PLLC | LITTLER MENDELSON, P.C. |
| 136-20 38th Avenue, Suite 10G | Three Parkway |
| Flushing, NY  11354 | 1601 Cherry Street, Suite 1400 |
| 718.353.8588 (t) | Philadelphia, PA 19102.1321 |
| 718.353.6288 (f) | 267.402.3000 (t) |
| jhang@hanglaw.com | 267.402.3131 (f) |
| *Attorney for Plaintiffs* | JLShaw@littler.com |
|  | *Attorneys for Defendants* |
| Dated:  April 4, 2022 | Dated:  April 4, 2022 |

**SO ORDERED:**

_____